Bissell, P. J.
This appeal from a judgment sustaining a demurrer to the complaint can be resolved without the consideration of the principal legal propositions on which the plaintiffs rely, and is really determinable by what we believe is the true interpretation of the contract into which the parties entered and on which the bill was based. In 1892, Mrs. Riddle was the owner of a good many lots located in Rose’s Subdivision of Lakeview whereon the taxes were unpaid. In 1898, the property was sold for these unpaid taxes, the tax certificate taken in the name of one Jennings and afterwards transferred to the United States Security and Bond Company, and after-wards apparently to Mina S. Page, the wife of Arthur H. Page, an officer of the corporation. The taxes for subsequent years, probably including the year 1896, were paid by the holder of the certificate, and presumably the company, and were, of course, enforcible by means of the treasurer’s evidence of title. The deed was due in the fall of 1896 and about October. At that time Mrs. Harvey, a sister of the defendant, seeking to save the property from absolute loss, entered into negotiations with the company to redeem the certificate and relieve the property from the lien and cloud. As the result of the negotiations an agreement was entered into, dated on the 16th of September, 1896, which recited a payment by Mrs. Harvey of $250, being in part payment of the amount of the certificate on the lots specified, and containing two other provisions, the second being that $200 additional was to be paid within thirty days, and at the time of the payment Mrs. Harvey was given the option of paying the balance due at redemption rates and advertising at a time *409 to be agreed on, and as a further and other condition, she might take an assignment of an interest in a sufficient number of lots to equal payments already made not otherwise complying with the preceding stipulations. The company further agreed to take no deed to the lots for three months, nor to make an assignment of the same except to Mrs. Harvey or her order. Thereafter Mrs. Harvey failed to pay the $200, but on the 12th of October, and within the thirty days, she paid $125 which the company accepted. At that time there was no modification of the contract, nor so far as we can discover from the complaint, and it is on it alone the judgment was entered, was an agreement entered into for an extension of time or anything done with reference to the application of the payments already made or fixing the rights of the parties thereunder. Subsequently Mrs. Harvey transferred this agreement to Jdvs. Riddle, the property owner, and in the following May she attempted to carry it out by paying the balance due under the terms of the original agreement. The corporation refused to accept the money, asserted that the time had gone by for the enforcement of the agreement, that she had no rights in the premises, and insisted on holding the certificate, obtaining the deed if they could, and keeping the money which had been paid for the purpose of redemption. As the bill also alleges, the parties threatened to put the certificate out of their possession and into the hands of an innocent party who might obtain the deed, and thus cut out the property owner and leave her remediless in the premises and subject her to the loss of her property and of her money. The corporation and the holder of the certificate had however failed to procure the deed and the property was still subject to redemption under the statute. In strict accordance with her legal statutory rights Mrs. Riddle thereupon went to the treasurer’s office, and paid for the purposes of redemption $488.28, which released lots Nos. 7 to 19 and Nos. 25 to 29 from the sale of 1898. It is thus apparent that so far as concerned these lots the certificate was vacated and annulled, redemption had, and Mrs. Riddle’s title was totally *410 unaffected by the antecedent sale of 1893. The lots Nos. 29 to 41 were left unredeemed and the title still clouded by the certificate, and when the transfer of the certificate was demanded under the contract, the parties absolutely refused to surrender and insisted that they had a right to hold it and obtain the deed as well as to retain the money. These are all the facts which we need state for the purpose of the decision. Acting under her view of the proper construction of the contract, Mrs. Riddle thereupon filed this bill to compel the surrender and cancellation of the certificate, to enjoin the treasurer from executing a deed, and to recover the sum of $48.50 which had been paid to the company under tire contract and beyond the sum necessary to redeem lots Nos. 29 to 41 under the terms of the original arrangement. The corporation demurred to the bill, the demurrer was overruled and they stood on the demurrer.
It is insisted that it is a well settled matter of equity law that where a party has a plain legal right, he may not resort to equity for the cancellation of an instrument, and that time was the essence of this contract, and since Mrs. Harvey and her assignee, Mrs. Riddle, had failed to comply with its exact terms at the time named, she was remediless in the premises and disentitled to a decree. We find it wholly unnecessary to consider these questions or to determine what under other circumstances might be the law, or whether under different conditions it would bar a bill of this description and prevent judgment. As we look at it, the case is a very simple one, determinable only and completely by the terms of the original agreement. According to it, the party paid $250 and after-wards paid $125 which was accepted by the corporation, and she then and by the fact of that payment became entitled to some relief under the contract; in other words, as we look at it, it was an executed contract on the part of Mrs. Harvey and her assignee to the extent of the payments made, and she had the right to a transfer of the certificate pro tanto. This comes from the circumstance that as we view the contract, it consists of two parts. If she desired to comply with the first *411 she ought to have paid the $250 and the $200 at the time named and the balance at redemption rates at a time to be agreed on, and doing this she could specifically enforce the entire contract according to its terms. This was not done. The excuse- for it, as we look at it, is in the subsequent provision of the contract, “ or she may take assignment of sufficient number of lots to equal payments already made.” As we read it, this is a distinct agreement on the part of the company, the then holder of the certificate, that if she did not comply with the contract, yet, if she partially complied, she was entitled thereunder and thereby to receive an assignment of a sufficient number of lots to equal the payments which she might make. If this is the true construction of the agreement, as we believe, then when Mrs. Harvey or Mrs. Riddle, her assignee, paid the $375, but failed to pay the balance, she was entitled by the express terms of the agreement, to receive an assignment of the certificate to the extent of the number of lots which would be proportionately covered by the sum paid. It appears from the terms of the bill that the sum paid was $375, which was $48.50 more than was necessary to pay the total amount due on the certificate for the redemption of lots Nos. 29 to 41. We are therefore compelled to hold that by the very terms of the contract, the security company, and we regard Mrs. Page as an indifferent person, who bought with knowledge of the contract and notice of its contents and was obligated thereby, was bound to assign to Mrs. Riddle that interest in the certificate which would cover lots Nos. 29 to 41 should she so elect, and as appears from the bill was bound absolutely to transfer that interest because as to all the other lots there had been redemption under the statute. It was alleged in the bill, and of course, admitted by the demurrer, that there was a complete and full statutory redemption as to all the other lots and parcels of property, that the sum paid was more than enough to redeem the balance, and therefore it follows the company was bound to transfer the certificate to Mrs. Riddle and to account to her for the overplus which *412 he had paid. We have totally misread the principles of equity as laid down in the books if circumstances like these and conditions like the present will not justify a bill of this description and compel the performance of this contract. It is a case where there has been full and complete performance by one side according to the very terms of the agreement. The other party has gotten the money and is now asked to do only that which he agreed to do, and the only adequate relief is a cancellation and the surrender of the certificate and an injunction restraining the execution of the deed and the putting of a cloud on the title to real property. We do not understand that where there has been complete performance on one side that the other party to the contract can refuse to perform where an action at law would not afford any adequate and sufficient remedy or would give only inadequate and insufficient relief. Under other circumstances the certificate would be outstanding. It might pass into the hands of innocent third parties who might receive a treasurer’s deed. The owner of the property would then be wholly without an adequate remedy; the only remedy at law would be to maintain an action against the company to recover the |375. In the mean time the title to the property would be lost. It is insisted, of course, that Mrs. Riddle might have gone into the treasurer’s office and redeemed that property as she did the other. This is true. It is not, however, an adequate legal remedy, because when she redeemed the money would be paid to the treasurer, turned over to the holder of the certificate, and she would be compelled to resort to an action at law to recover the money which she had already paid, which by the terms of the agreement was properly applicable to the liquidation of these taxes and their increment, and while she might have a legal remedy, it might happen in this case as it has in many others, that while it would in one case be adequate, it would in another be barren. As the case is stated by the bill it looks very much like an attempt on the part of speculators in tax certificates to get more than they were entitled to, and to impose undue *413 and unjust burdens on the unfortunate who has been unable to pay. This may not be wholly the fact, but it would so appear from the allegations of the bill, and upon it alone does this case turn.
We believe the decree was entirely right and proper and wholly justified, has worked exact justice between the parties and the holder of the certificate has gotten not only the money that was paid for the taxes, the subsequent taxes which he paid, but the large penalty which the revenue acts provide, has suffered no harm, and is simply compelled to carry out his contract.
The judgment was right and the decree will accordingly be affirmed.

Affirmed.